IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

**RUBEN RODRIGUEZ,**

    **Plaintiff,**

v.                                         Case No.  17-CV-00648 KG/JHR

**THE CITY OF ESPANOLA, a municipal corporation
VICTOR GROSSETETE, in his individual capacity,
JASON GALLEGOS, in his individual capacity,
former CITY OF ESPANOLA Police Department Chief
ERIC GARCIA, in his individual and official capacities,
and DOES 1-30.**

### DEFENDANTS' MOTION TO BIFURCATE AND MEMORANDUM

**COME NOW** the Defendants City of Espanola, Jason Gallegos and Eric Garcia (hereinafter collectively referred to as ("Espanola Defendants"), by and through their attorneys of record Law Offices of Mark A. Basham, LLC and pursuant to Fed. R. Civ. Proc. 42(b), respectfully move this Court to bifurcate the proceedings for Plaintiff's claims against the Espanola Defendants, individually and in their official capacities.  Concurrence from Plaintiff's counsel was sought, and he does not concur with this Motion.

### INTRODUCTION

Plaintiff's Complaint for Personal Injury and Violation of Civil Rights ("Complaint") [DOC 1-1] seeks damages stemming from the April 29, 2015 arrest of Ruben Rodriguez in Espanola, New Mexico.  The Complaint alleges excessive force claims against Defendants Victor Grossetete and Jason Gallegos.  *Id.* at p. 10 – 12.  The Complaint also alleges negligent hiring, training and supervision claims against Defendants City of Espanola and Eric Garcia.  *Id.* at p. 12 – 16 and 19 - 20  For the reasons that follow, bifurcation is proper because Plaintiff's

underlying constitutional tort claims against the individual Defendants must be tried before the supervisory claims against the municipal Defendants.

## RELEVANT COMPLAINT ALLEGATIONS

In summary fashion Plaintiff alleges the following:

1. The he was subjected to excessive force by Defendant Grossetete and Defendant Jason Gallegos for his failure to intervene. *Id*. at pp. 3 & 4.

2. That Defendants City of Espanola and Eric Garcia are subject to *Monell* liability due to their negligent hiring and retention of Defendant Grossetete. *Id*. at pp. 5 – 10.

## LEGAL STANDARD FOR FED. R. CIV. P. 42(b)

Federal Rule of Civil Procedure 42(b) permits trying issues and claims separately "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b). Bifurcation is appropriate when the "interests [in Rule 42(b)] favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 964 (10th Cir. 1993).  "Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Desmare v. New Mexico,* No. 07-199, 2007 WL 5231690, at *2 (D.N.M. Aug. 14, 2007)(citing *Mandeville v. Quinstar Corp.,* 109 F. App'x 191, 194 (10th Cir. 2004)).  "We review a district court's decision to bifurcate a trial for abuse of discretion."  *United States ex rel. Bahrani v. ConAgra, Inc.,* 624 F.3d 1275, 1283 (10th Cir. 2010).

## ANALYSIS

**Convenience, expediency & economy**

"Courts in this district frequently bifurcate trials when the outcome of the first trial could obviate the need for a second trial." *Cordova v. City of Albuquerque,* No. 11-806, at *8 (D.N.M.

Feb. 22, 2013). "This is especially true in § 1983 cases in which a plaintiff brings claims against both individual defendants and a municipality." *Id.*

> [N]either *Monell* [] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.

*City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

"In *Monell v. New York City Dep't of Social Services,* … , the Supreme Court held that a municipality cannot be held liable under section 1983 for the actions of its employees under the theory of respondeat superior." *Estate of Smith v. Silvas,* 414 F.Supp.2d 1015, 1018 (D. Colo. 2006)(internal citation omitted). In order to maintain the distinction between direct and vicarious liability, a "direct causal connection" must exist between "the municipal conduct and the constitutional deprivation". *D.T. v. Indep. Sch. Dist. No. 16 of Pawnee County, Okla.,* 894 F.2d 1176, 1188 (10th Cir. 1990).

Our District has typically granted bifurcation motions in police misconduct cases similar to the case at bar. *See, Barr v. City of Albuquerque,* No. 12-CV-1109 at *4 GBW-RHS (D.N.M. Oct. 16, 2014)(bifurcation granted where first part of trial addressed battery and excessive force claims and second part addressed negligent supervision claim.) *See also, Cordova,* No. 11-806 at *4 GBW/ACT (D.N.M. Feb. 22, 2013)(bifurcation allowed where claims against individual defendants were to be tried before municipal/supervisory claims.) *See finally, Gutierrez v. Hackett,* No. 02-0582 at *27 (D.N.M. Sept. 18, 2003)(police dog excessive force claim bifurcated from city police dog policies claim.)

The policies promoting judicial economy and efficiency will be served if this case were bifurcated. Plaintiff's municipal and supervisory cannot be proven independently of the

3

individual claims. Rather the jury must find the individual Defendants liable for excessive force *__before__* the same trier of fact can make any liability determinations of the municipal defendants for supervisory claims. Should this matter be tried as a single unit, the parties will have to expend time and money, and the Court will have to marshal its own limited resources, in order to prepare for a trial that may become suddenly truncated if the jury finds in favor the individual Defendants on the excessive force claims. Bifurcation at this stage of the proceedings will avoid this possible result. As a result, the Espanola Defendants' Motion to Bifurcate must be granted.

### Prejudice

Evidence of other incidents of police misconduct used to show policy or practice is highly prejudicial when determining individual officers' liability. *Foster v. Bernalillo County Bd. of Comm'rs,* No. 10-1075, at *5 (D.N.M. Feb. 10, 2012).

Here, the jury must determine whether Defendants Victor Grossetete and Jason Gallegos are individually liable for the underlying constitutional tort. Evidence of past wrongs by other police officers in the same department is irrelevant and highly prejudicial to these individual claims. Without any bifurcation, the same jury will hear evidence of prior instances of police misconduct in support of Plaintiff's municipal and supervisory claims against the remaining Defendants. Because the excessive force claims against the individual Defendants have different proof requirements than the municipal supervisory claims, prejudice and jury confusion will exist if all claims are tried as a single unit. Therefore bifurcation is appropriate in this action.

### CONCLUSION

In sum, bifurcation of the individual excessive force claims from the municipal supervisory claims is appropriate based on the furtherance of judicial efficiency and the potential for prejudice.

**WHEREFORE**, Espanola Defendants respectfully request that the Court grant their Motion to Bifurcate And Memorandum, and for such other and further relief as the Court deems just.

Respectfully submitted by:

*/s/ Mark A. Basham*
Mark A. Basham
Law Offices of Mark A. Basham, LLC
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
mbasham@lawoffices-markbasham.com
*Attorneys for Espanola Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of December, 2017, I filed the foregoing Defendants' Motion to Bifurcate and Memorandum, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*/s/ Mark A. Basham*
Mark A. Basham