## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**RUBEN RODRIGUEZ,**

      **Plaintiff,**

**v.**                                **Case No. 17-CV-00648 KG/JHR**

**THE CITY OF ESPAÑOLA, a municipal corporation,**
**VICTOR GROSSETETE, in his individual capacity,**
**JASON GALLEGOS, in his individual capacity,**
**Former City of Española Police Department Chief**
**ERIC GARCIA, in his individual and official capacities**
**and DOES 1-30,**

      **Defendants,**

**And**

**CITY OF ESPAÑOLA, a New Mexico**
**Municipal Corporation,**

      **Third-Party Plaintiff,**

**v.**

**ONEBEACON SPECIALTY INSURANCE COMPANY,**
**ATLANTIC SPECIALTY INSURANCE COMPANY,**
**and DANIELS INSURANCE AGENCY, INC.**

### STIPULATED CONFIDENTIALITY ORDER

      THIS MATTER HAVING COME BEFORE THE COURT on the stipulation and

agreement of all parties to allow the inspection by the parties of certain records, material, and

information which are not otherwise protected from discovery by the attorney-client privilege or

the work product doctrine; and

THE COURT BEING ADVISED that such production will include certain information that is private and confidential and may contain medical and mental health information, employment files, or documents that may be or are subject to the terms of HIPAA and other privacy laws; that disclosure of such information may or will invade the confidentiality and privacy rights of the parties and of third persons not a party to this lawsuit; the Court finds that this Confidentiality Order is needed in this action to protect such persons' rights of privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding.

THEREFORE, pursuant to Fed.R.Civ.P., Rules 26 & 29, and in compliance with 45 C.F.R. §164.512, the Court hereby makes and enters the following Confidentiality Order protecting the confidentiality of information which is or may be within the knowledge of the parties and which may be subject to discovery in this lawsuit:

IT IS THEREFORE ORDERED:

1.      This Order shall govern the use and/or production and disclosure of the following which may be produced or disclosed during this litigation (hereinafter the "Confidential Material"): Medical and Mental Health Records of Plaintiff; Personnel and Internal affairs, or other internal review files, of Defendants.

2.      Any other record that is released pursuant to a signed release by any party to this lawsuit.

3.      Any material expressly identified as "CONFIDENTIAL" by the party making the disclosure of such material, provided this designation is expressly made by notation on the material itself or in a letter accompanying the material.

4.      Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit, and may be disclosed only to parties, counsel of record, their staff, and retained experts.

5.      Confidential Material may be disclosed to deponents during the course of their deposition.   The attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge Confidential Material to any other person. Further, with respect to deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential and no portion of the transcript deemed confidential shall be disclosed to any person except the deponent, the parties, their attorneys of record, and expert witnesses.

6.      In the event that any Confidential Material is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Material will be kept under seal by the Clerk; provided, however, that in such cases all such papers shall be furnished to the Court and attorneys of record for the parties, and a redacted copy thereof may be placed in the public record.  Confidential Material may be admitted as an exhibit at the trial or used for impeachment or other purposes should the Court rule that the information is relevant and admissible in this matter subject to the rules of evidence, and if so admitted, shall no longer remain Confidential unless otherwise ordered by the Court.

6.1 Judicial Intervention.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     Nothing in this Order shall preclude any party from contesting the relevance or admissibility of any material produced pursuant to this Order.

8.     After the completion of the proceedings in this matter and any subsequent appeals, any and all copies of Plaintiff's and Defendants' Confidential Material previously made available to the opposing parties and their experts shall be kept confidential or destroyed.

9.     Nothing contained in this Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Order, additional protection with respect

to the confidentiality of documents or other discovery material, or from providing stipulated exceptions to this order.

_____
JERRY H. RITTER
United States Magistrate Judge

Stipulated to by:

_____
*/s/ James P. Sullivan*
James P. Sullivan
BRENNAN & SULLIAN, P.A.
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
jamie@brennsull.com
*Attorneys for Defendant Victor Grossetete*

_____
*/s/ Sanjay S. Schmidt*
Sanjay S. Schmidt, Esq.
Law Office of Sanjay S. Schmidt
1388 Sutter Street, Suite 810
San Francisco, CA  94109
415-563-8583
415-223-9717  FAX
ss@sanjayschmidtlaw.com
*Attorney for Plaintiff*
_____
*/s/ Mark A. Basham*
Mark A. Basham, Esq.
Law Offices of Mark A. Basham
2205 Miguel Chavez Road, #A
Santa Fe, NM  87505
505-988-4575
mbasham@lawoffices-markbasham.com
*Attorney for Defendants City of Espanola, Jason Gallegos and Eric Garcia*

*/s/ Gerald Coppler*
Gerald Coppler, Esq.
Coppler Law Firm, P.C.
645 Don Gaspar Avenue, Santa Fe, NM 87505
gcoppler@coppler.com
*Attorney for Third Party Plaintiff, City of Española*


*/s/ Carol J. Ritchie*
Carol J. Ritchie, Esq.
Felker, Ish, Ritchie & Geer, P.A.
911 Old Pecos Trail
Santa Fe, NM  87505
505-988-4483
Cjrish84@hotmail.com
*Attorneys for Third-Party Defendants*
*OneBeacon Specialty Insurance Company and*
*Atlantic Specialty Insurance Company*



*/s/ Tyler M. Cuff*
Tyler M. Cuff, Esq.
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Post Office Box 1888
Albuquerque, NM  87103
505-765-5900
TCuff@rodey.com
*Attorneys for Daniels Insurance Agency, Inc.*